```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

ROGER BLACKSTOCK,                    )
                                     )
                Petitioner,          )
                                     )
           v.                        )       1:09CV828
                                     )
JUDY BRANDON,                        )
                                     )
                Respondent.          )


## O R D E R

Petitioner has filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Docket Entry 1.) The Petition, which was filed on October 23, 2009, contains an execution date of October 21, 2009. (Id. at 14.)[1] According to the Petition, on July 19, 1984, in North Carolina Superior Court in Greensboro, North Carolina, Petitioner received "Two Consecutive Life Sentences, 20 yrs. & 10 yrs. concurrent" following his convictions, upon guilty verdicts returned by a jury, for "First Degree Rape, First Degree Sex Offense, Common Law Robbery, [and] Assault with a deadly weapon with Intent to Kill Inflicting Serious Injury." (Id. at 1-2.) Petitioner asks this Court to "Dismiss All Four Indictments [and] Release [him] from Custody of State Prison." (Id. at 14.)

---

[1] Page numbers as to this document refer to the page numbers noted in the electronic case filing footer, not the pre-printed numbers in the upper right corner of the petition form.

As his basis for this requested relief, Petitioner identifies four grounds:

1) amendment by the trial court of his indictment for "Robbery with A Dangerous Weapon" to "Common Law Robbery" (Id. at 5);

2) failure of his indictments for first-degree rape and first-degree sexual offense to include enough detail and error by the trial court in instructing the jury on these charges (i.e., instructing on matters not detailed in the indictments or covered directly by the victim's trial testimony) (Id. at 6-7, 16-17);

3) variance between the language of his indictment for assault with a deadly weapon with intent to kill inflicting serious injury on the one hand and the language of the arrest warrant for said charge and the trial testimony of the victim on the other hand (Id. at 8, 18); and

4) ineffective assistance of trial counsel "when he allowed the Trial Court to proceed upon defective indictments and allowing the Trial Court to incorporate, add, delete, and make false statements of the facts to the jury, such as testimony that was never given by the alleged victim, erroneous jury Instructions" (Id. at 10).

Petitioner concedes he failed to raise any of these claims on direct appeal, although he presented different legal challenges at that stage, all of which the North Carolina Supreme Court rejected. (Id. at 2 (citing State v. Blackstock, 314 N.C. 232 (1985)), 5, 7,

8, 10.)[2]  Petitioner attributes his tardiness in raising the instant claims to his lack of legal knowledge at the time of his trial and direct appeal and to failures by his trial and/or appellate counsel. (Id. at 5, 7, 8, 10.) According to Petitioner, he subsequently began "researching [his] case on [his] own . . . [and] found that the four Indictments are all fatal on their face." (Id. at 13.)

Contemporaneously with the filing of his Petition, Petitioner made a request to proceed in forma pauperis. (Docket Entry 2.) This Court permitted the filing of the Petition without pre-payment of the $5.00 filing fee, but stayed the case pending receipt of that fee because Petitioner admittedly had total deposits of $200 to his prison trust account during the preceding six-month period. (Docket Entry 3.) Petitioner then submitted the filing fee. (Docket Entry dated Nov. 23, 2009.)

Petitioner thereafter filed a letter motion stating that he "desire[d] the assistance of counsel in these proceedings." (Docket Entry 4 at 1.) Petitioner's only stated basis for his request that the Court "provide counsel on [his] behalf" consisted

---

[2] Petitioner also acknowledges that the North Carolina Superior Court in Greensboro denied three separate Motions for Appropriate Relief he filed in the 1980s in which he raised a wide variety of additional, legal attacks on his convictions, distinct from the claims he now pursues. (Id. at 4-5.) According to Respondent, Petitioner sought, but was denied, further review of two of those Superior Court rulings by the North Carolina Supreme Court. (Docket Entry 6 at 2.) Petitioner further avers that he made the same contentions he now makes in federal court in his fourth Motion for Appropriate Relief, which the North Carolina Superior Court in Greensboro denied by order dated March 31, 2009 (which decision both the North Carolina Court of Appeals and the North Carolina Supreme Court declined to review). (Docket Entry 1 at 5-6, 7-8, 9, 10-11, 19-21.)

of his "represent[ation] to the court that [he is] without money or means with which to employ an Attorney, and so [is] unable financially to retain counsel for [him]self."  (Id.)

Respondent has filed a Motion to Dismiss on Statute of Limitations Grounds and a supporting brief.  (Docket Entries 5 and 6.)  In the section of the Petition requiring Petitioner to address the "one-year statute of limitations as contained in 28 U.S.C. § 2244(d)," Petitioner offers implied equitable claims about his inability to secure counsel and his lack of law library access, as well as the legal argument that "Subject Matter Jurisdiction can be brought before the proper Court any time," (Docket Entry 1 at 13.) Respondent has identified significant authority indicating that such considerations cannot defeat the statute-of-limitations defense in this context.  (Docket Entry 6 at 8-12.)

Against this backdrop, the Court now considers Petitioner's letter motion requesting that the Court "provide counsel on his behalf," (Docket Entry 4 at 1.)  "Prisoners have no right to counsel in a collateral proceeding." United States v. MacDonald, 966 F.2d 854, 859 n.9 (4th Cir. 1992). See also Pennsylvania v. Finley, 481 U.S. 551, 555-57 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions and we decline to so hold today.  Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. . . .

-4-

Postconviction relief . . . is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature." (internal citations omitted)). Nonetheless, "[t]he court may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), and, "if the interests of justice so require, representation may be provided for any financially eligible person who – – . . . is seeking relief under section . . . 2254 . . . of title 28," 18 U.S.C. § 3006A(a)(2)(B).

The provision of counsel in this fashion, however, remains, "as [does] the privilege of proceeding in forma pauperis, a matter within the discretion of the District Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968). See also Murvin v. Creecy, 812 F.2d 1401, 1987 WL 36472 (4th Cir. Feb. 25, 1987) (unpublished) ("The determination whether to appoint counsel [under 18 U.S.C. § 3006A for a state prisoner in a habeas case] is left to the discretion of the district court."). In delineating the scope of a district court's discretion in this context, the United States Court of Appeals for the Fourth Circuit has held that the requesting litigant "must show that his case is one with exceptional circumstances." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)).

"The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the

-5-

litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989). More pointedly, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

In this case, it is neither apparent that Petitioner has a colorable claim, nor that he lacks the capacity to present his contentions. As to the latter matter, the Court notes that, although he has expressed a "desire" for assistance of counsel, Petitioner has not alleged that he lacks the ability to litigate this case. To the contrary, as noted above, Petitioner contends that, from his own research, he has identified legal arguments that escaped the notice of both his trial and appellate counsel. Moreover, Petitioner has articulated his claims in a logical and understandable fashion. Accordingly, although Petitioner lacks legal training, he appears capable of handling this litigation, at least at this stage in the proceedings.

As to the existence of a colorable claim, the Court observes first that the statute-of-limitations defense invoked by Respondent appears to represent a substantial impediment for Petitioner.[3]

---

[3] In making this comment and those comments that follow, the Court is not pre-judging the final answer to questions that may require rulings as the litigation proceeds, but rather is making a preliminary assessment as to whether a colorable claim exists, as required by Gordon.

Further, even if he could overcome that hurdle, Petitioner must establish both cause for his failure to present these issues on direct appeal (and/or in his first state collateral attack) and prejudice from any error or, in the alternative, that a fundamental miscarriage of justice occurred (i.e., that the cited errors likely helped cause his conviction despite his actual innocence). See generally Murray v. Carrier, 477 U.S. 478, 485-97 (1986); McCarver v. Lee, 221 F.3d 583, 588-93 (4th Cir. 2000). A preliminary review of Petitioner's legal contentions and other items of record leaves the Court with substantial doubt that Petitioner can make any such showing.[4]

In light of these considerations and given the absence of any other exceptional circumstances, the Court will exercise its discretion to deny Petitioner's instant request for provision of counsel. If a material change in these conditions develops at a later stage in the case, Petitioner obviously may raise this issue again.[5]

---

[4] For example, the North Carolina Supreme Court has indicated that "the evidence against [Petitioner] was strong" and that the prosecution presented a "compelling case against [him]," Blackstock, 314 N.C. at 244. Such considerations would weigh heavily in any prejudice or actual innocence analysis. See generally Frady v. United States, 456 U.S. 152, 170-74 (1982); Tweety v. Mitchell, 682 F.2d 461, 464-65 (4th Cir. 1982).

[5] In this regard, the Court notes that, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 8(c), Rules Governing Section 2254 Cases.

-7-

**IT IS THEREFORE ORDERED** that Petitioner's letter motion asking the Court to provide counsel (Docket Entry 4) is DENIED.


                              /s/ L. Patrick Auld
                                **L. Patrick Auld**
                        **United States Magistrate Judge**

December 29, 2009